■ In the Matter of HELEN L. FOLTMAN, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5), to annul a determination of the Commissioner of Education which suspended petitioner's license as a practical nurse and placed petitioner on probation for two years. Petitioner, a licensed practical nurse (LPN), was charged with professional misconduct under subdivision (2) of section 6509 of the Education Law for "practicing the profession of nursing with negligence or incompetence on more than one occasion". The negligent acts occurred during petitioner's employment between July 1, 1979 and September 10, 1979 at the Brookhaven Memorial Hospital, Patchogue, New York, where she was receiving orientation for practice as a registered professional nurse (RN). At the time, she held a limited RN permit which is issued to nursing graduates and was awaiting the results of her RN boards. A hearing panel of the State Board for Nursing found 6 of the 11 specifications of negligence and misconduct had been proved by substantial legal evidence and suggested petitioner's license as an LPN be suspended for two years but that the suspension be stayed and she be placed on probation for two years. The Regents Review Committee accepted the panel's findings but recommended that the terms of probation be modified to include a plan of study in medication and its administration, to be undertaken during the probationary period. The Board of Regents adopted this recommendation and, on October 18, 1982, the Commissioner of Education issued an order implementing it. Petitioner challenges the commissioner's determination on the theory that because she was practicing as an RN under a temporary permit, her conduct as an LPN is not subject to discipline and on the further ground that substantial evidence is lacking. The misconduct charged fell within the scope of conduct to be performed by an LPN. Petitioner's contrary assertion notwithstanding, the record shows that the board evaluated petitioner's conduct in her capacity as an LPN and not as an RN. The fact that she was permitted to practice as an RN at Brookhaven by virtue of a permit issued pursuant to section 6907 of the Education Law does not lessen petitioner's duty to meet the standard of

professional conduct required of an LPN, nor can it insulate her from disciplinary action by the commissioner. As for the sufficiency of the proof, it is enough to note that nursing personnel responsible for petitioner's orientation at Brookhaven testified to the various deficiencies which caused the charges to be placed against her. That there is conflicting evidence in this regard does not bar a determination of guilt when, as here, a reasonable person could find petitioner committed the alleged acts of negligence (*Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Tompkins v Board of Regents,* 299 NY 469, 474). Although petitioner has had an exemplary record for the past two and one-half years, the discipline imposed, which is structured to ensure petitioner is educated in areas of nursing practice where she was found deficient, does not excessively penalize her. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.