■ In the Matter of MICHAEL ROBERTSON, Petitioner, v MORRIS ECCLESTON, as Sheriff of Chenango County, et al., Respondents.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chenango County) to review a determination of respondent Chenango County Sheriff which terminated petitioner's employment as a Deputy Sheriff.

At about 3:20 A.M. on May 27, 1990, after consuming enough beer to approach a state of intoxication, petitioner, a Chenango County Deputy Sheriff, and Joseph Angelino, a City of Norwich police officer, were driving in Angelino's jeep on State Route 312 outside the Norwich City limits. Both men were off duty and dressed in civilian clothes. They passed Brandon Migdal and his girlfriend, Bobbi Lynn Beeching, who were walking along Route 312.* Angelino then turned the vehicle around, returned to where the pedestrians were walking, got out of the jeep and confronted them. Ernest Cutting, another off-duty Deputy Sheriff who had been following in his own vehicle, observed an altercation between Angelino and Migdal while petitioner restrained Beeching from aiding her companion. Migdal reported the incident at the Sheriff's office and was then taken by ambulance to a hospital for treatment of injuries inflicted by Angelino.

Following a disciplinary hearing pursuant to Civil Service Law § 75 on charges of incompetency or misconduct, petitioner was found guilty of (1) conduct which brings discredit upon the Sheriff's office, (2) failure to perform a lawful duty, (3) failure to treat any person civilly and respectfully, and (4) willful maltreatment of any person. Respondent Sheriff adopted the findings of the Hearing Officer and imposed the punishment of dismissal. This CPLR article 78 proceeding was commenced by petitioner seeking a judgment annulling the determination.

Petitioner's initial contention that the determination was not supported by substantial evidence is meritless. His argument regarding respondents' failure to introduce proof of media coverage causing adverse publicity or discredit upon the Sheriff's Department is ludicrous at best. Certainly Migdal,

---

* Petitioner contended that Migdal had been walking in the center of the road, whereas Migdal and Beeching both testified they had been walking in the northbound lane 2 to 3 feet from the shoulder of the road.

Beeching, their relatives, hospital employees and members of the Sheriff's Department were all aware of the events which, standing alone, were sufficient to discredit the Department. Further, we find that the testimony of the witnesses supports the finding that petitioner was equally responsible for the assault upon Migdal, for his restraint of Beeching, for the warnings he gave to Migdal, for his failure to obtain medical care and for his failure to report the incident.

It is well established that where conflicts appear in the testimony and where reasonable persons may differ as to what testimony should be accepted or rejected, it is the duty of the Hearing Officer to determine which version should be credited and which is to be rejected *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Nolan v Constantine,* 166 AD2d 778, 779). Courts may not second guess the findings of a Hearing Officer with respect to the credibility of witnesses or the quality of the proof *(see, Matter of Paolone v Ward,* 168 AD2d 234, 235). Moreover, the determinations made by the chief officer of a police agency are entitled to substantial deference because " 'he, and not the courts, is accountable to the public for the integrity of [his] Department' " *(Trotta v Ward,* 77 NY2d 827, 828, quoting *Matter of Berenhaus v Ward, supra,* at 445).

Nor are we persuaded that the penalty of dismissal was so disproportionate to the offense as to shock our conscience. After a night of drinking almost to the point of intoxication, petitioner participated in an interdiction of two persons lawfully on the public highway, innocent of any wrongdoing, who gave neither reason nor cause for a vicious, callous assault upon them which petitioner tried to conceal. Dismissal for this reprehensible conduct is neither disproportionate to the offense nor shocking to one's sense of fairness *(see, Trotta v Ward, supra,* at 828; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Finally, we find unpersuasive petitioner's contention, raised for the first time before this court, that the regulations of the Sheriff's Department were unconstitutionally vague. Having failed to raise the issue of vagueness at a time when respondents were able to oppose such argument, petitioner is now precluded from such contention *(see, Todd v Krolick,* 96 AD2d 695, 696, *affd* 62 NY2d 836; *see also, Szigyarto v Szigyarto,* 64 NY2d 275, 280; *Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276). Moreover, we find the argument that petitioner

somehow did not understand how his actions that night were violative of the proscribed conduct is irrational and unworthy of further comment.

Crew III, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.