■ In the Matter of ANTHONY P. ELWOOD, Petitioner, v THOMAS A. CONSTANTINE, as New York State Police Superintendent, Respondent. [623 NYS2d 429] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which terminated petitioner's employment with the Division of State Police.

In March 1991, Richard J. Cassidy, Inc., doing business as Interstate Auto Parts (hereinafter Interstate), acquired a 1985 Jaguar automobile at a salvage auction on a "salvage" title. Interstate had the Jaguar repaired so Interstate could obtain a new title from the Department of Motor Vehicles and sell it as a used vehicle. Petitioner, a State Trooper, bought the Jaguar from Interstate for $7,000 on April 10, 1991, receiving an MV-50 form (which transferred the title to petitioner), an application for a certificate of title signed by Interstate and a bill of sale. A month later petitioner and Jon Martin, doing business as Sharp Auto Sales, agreed that petitioner would maintain the Jaguar and Martin would market it to determine if it could be sold. Martin's Book of Registry indicated that the Jaguar had been consigned to him. Petitioner however, operated the Jaguar to and from work during May through November 1992 using Martin's dealer's plates.

Sergeant Kevin Higginson noticed the Jaguar parked at the State Police barracks and, in May 1992, made a computer check on the dealer plates. The check revealed that the plates belonged to "Sharp Auto Sales, Whitney, Broome County". A further computer NYSPIN check of the vehicle identification number indicated that the Jaguar was registered to Richard J. Cassidy, Inc. Subsequently, Lieutenant William Foley filed a complaint against petitioner for misuse of dealer plates. On November 14, 1992 and December 4, 1992, formal statements were taken from petitioner. The latter statement involved his failure to file supporting depositions for traffic tickets that had been issued to Karl Terry.

Formal charges were served on petitioner and, after an administrative hearing before a State Police Hearing Board

(hereinafter the Board), he was found guilty of six of the charges: (1) driving his personally owned vehicle while using dealer plates in violation of State Police regulations and Vehicle and Traffic Law § 415 (8), (2) operating a vehicle without first having it registered in violation of regulation 8.44 and Vehicle and Traffic Law § 401 (1) (a), (3) providing false information in a statement taken on November 17, 1992 in violation of regulation 8.53, (4) failing to file supporting depositions with the Owego Town Court in Tioga County in a timely manner in violation of regulation 8.2, and (5) providing false information in a statement taken on December 14, 1992 in violation of regulation 8.53. Respondent accepted the Board's finding and recommendations and terminated petitioner's employment.

Petitioner then commenced the instant CPLR article 78 proceeding requesting that the determination be annulled and that he be reinstated as a State Trooper. Petitioner's argument that the determination of the Board is not supported by substantial evidence in the record is not persuasive. The Board's determination should be confirmed and the petition dismissed (see, Matter of Santos v Chesworth, 133 AD2d 1001, 1002).

The record supports the determination that petitioner violated Vehicle and Traffic Law § 415 (8) by operating his personally owned vehicle while using dealer plates. This fact is not in dispute. Petitioner claims that he was under the impression that the alleged consignment agreement he had with Jon Martin was a sale of the vehicle to Sharp Auto Sales, thus making it legal for him to use the dealer plates. This argument is without merit. Although Vehicle and Traffic Law § 416 permits a purchaser of a vehicle to use dealer plates for five days after the sale, provided the new owner makes application for its registration and number plates within 24 hours of taking possession (see, Vehicle and Traffic Law § 416), petitioner did not make such application. Further, Martin admitted to Roy Wakeman, a Department of Motor Vehicles inspector, that he never purchased the vehicle and that no money changed hands. Wakeman also said that a valid consignment never existed.

The determination that petitioner did not legally register the vehicle before driving it on a public highway in violation of Vehicle and Traffic Law § 401 (1) (a) is supported by Foley's testimony that petitioner admitted to him that he did not register the vehicle because he did not want his wife to know about it.

The determination that petitioner furnished false information concerning the vehicle to the State Police in violation of regulations is supported by petitioner's testimony that he sold the vehicle to Martin when in fact no sale occurred and there is no evidence that he signed the vehicle over to Martin as he claims. Interstate manager Thomas Wheeler testified that he never gave any dealer plates to petitioner, contradicting petitioner's statement that he obtained dealer plates from Wheeler.

Likewise, there was evidence to support the determination that petitioner failed to timely file supporting depositions in a Town Court matter and provided false information in answer to an inquiry about the depositions in violation of regulations. Six notices had been sent to petitioner requesting that he file the depositions.

Finally, the sanction of termination of petitioner's employment as a State Trooper was not so disproportionate to the offenses committed as to shock one's sense of fairness. "Much deference is to be afforded to an agency's determination regarding a sanction, especially in situations where, as here, matters of internal discipline in a law enforcement organization are concerned" *(Matter of Santos v Chesworth,* 133 AD2d 1001, 1003, *supra* [citations omitted]). The Board noted that petitioner had been reprimanded for his failure to perform administrative duties repeatedly over the years. The Board found that petitioner failed to respond to instructions issued by his superiors, including respondent, and was also dishonest about the charges. Thus, the Board could properly find that his continued employment would jeopardize the integrity of the State Police *(see, supra).*

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.