■ In the Matter of ALEYAMMA ABRAHAM, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. [629 NYS2d 299] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondents which suspended petitioner's licenses to practice as a licensed practical nurse and as a registered professional nurse in New York.

In May 1989, the Office of Professional Discipline commenced a disciplinary proceeding against petitioner, a licensed practical nurse and registered professional nurse employed at Bronx Developmental Center, with the filing of charges of professional misconduct. Following an evidentiary hearing before a Hearing Panel, petitioner was found guilty of unprofessional conduct within the meaning of Education Law § 6509 (9) and 8 NYCRR 29.2 (a) (1), gross negligence and negligence on more than one occasion. The Hearing Panel recommended that petitioner's licenses be suspended for 30 months with the last 24 months stayed, at which time petitioner would be placed on two years' probation.

On appeal, the Regents Review Committee (hereinafter the Committee) modified the Hearing Panel's findings of guilt relative to petitioner's practical nursing license and recommended that it be suspended for 30 months, but that the suspension be stayed for 30 months. Insofar as petitioner's registered nursing license was concerned, the Committee adopted the Hearing Panel's findings and recommendations.

Upon its review of the Committee's report, respondent Board of Regents modified the penalty by suspending petitioner's practical nursing license for 18 months, with the last 12 months stayed, and by suspending her registered nursing license for 30 months, with the last 24 months stayed, and by placing petitioner on probation for 30 months. This proceeding ensued.

Initially, we note that petitioner waived her argument that she was denied due process as the result of her attorney's allegedly ineffective representation by not raising it at the administrative level (*see, Matter of Colella v New York State Dept. of Envtl. Conservation*, 196 AD2d 162, 168). In any event, on the merits the argument lacks substance as we have held that the right to effective assistance of counsel does not extend

to administrative proceedings except in narrowly defined circumstances (*see, Matter of Goldstein v Ambach,* 139 AD2d 859, 860, *lv denied* 72 NY2d 806; *Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876).

Petitioner raises the further argument that the findings of guilt are not supported by substantial evidence. In assessing this argument, we shall not disturb the Hearing Panel's finding that the testimony of the Office of Professional Discipline's witnesses was credible and that petitioner's testimony was incredible since the resolution of issues of credibility is solely within the province of the administrative fact finder (*see, Matter of Moss v Chassin,* 209 AD2d 889, 891, *lv denied* 85 NY2d 805; *Matter of Santasiero v Sobol,* 199 AD2d 835, 836, *lv denied* 83 NY2d 754).

The credible evidence shows that while petitioner was performing her duties as Nurse II* on December 25, 1987, she received a call from a mental hygiene therapy aide asking her to examine a self-abusive patient who was bleeding. Petitioner refused. In another incident on December 25, 1987, petitioner refused to examine a patient who sustained a laceration to his head when he fell from a wheelchair. A third incident occurred on January 4, 1988 when petitioner refused to take the vital signs of a very ill patient. In addition, on January 4, 1988, petitioner prepared incorrect dosages of thorazine and haldol for a patient.

In our view this evidence, when coupled with the expert opinion that petitioner's foremost responsibility was to respond to emergency situations and that her failure to do so was negligent and dangerous conduct falling below the standard of care expected of a registered nurse, provides substantial evidence supporting the findings of guilt (*see, Matter of Foltman v Board of Regents,* 97 AD2d 661, 662).

Petitioner's last argument is that the penalty imposed against her is excessive. The standard by which we measure the propriety of a penalty imposed in a professional disciplinary proceeding is whether it is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*see, Matter of Falcone v New York State Educ. Dept.,* 50 NY2d 854, 856; *Matter of Magro v Ambach,* 122 AD2d 321, 322, *lv denied* 69 NY2d 609). Considering that petitioner's conscious disregard of her responsibilities left the affected patients without necessary professional care and

---

* A Nurse II is equivalent to a head nurse in a private hospital.

evinces a serious lack of concern on her part for their welfare, the penalty imposed upon her does not offend our sense of fairness.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.