■ In the Matter of June F. Crossman-Battisti, Petitioner, v Joseph J. Traficanti, Jr., as Deputy Chief Administrative Judge of the Courts Outside New York City, et al., Respondents.
[651 NYS2d 698] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of insubordination and misconduct and terminated her employment.

After a hearing on charges of insubordination and miscon-

duct against petitioner, the Hearing Officer issued his report which found petitioner guilty of more than half of the specifications of insubordination and all but one of the specifications of misconduct. Accordingly, the Hearing Officer recommended termination of petitioner's employment as a Court Assistant for the Nassau County Family Court. Respondent Deputy Chief Administrative Judge for the Courts Outside New York City adopted the Hearing Officer's recommendations and terminated petitioner's employment. Petitioner thereafter commenced this CPLR article 78 proceeding to review the determination and the proceeding was transferred to this Court.

Petitioner first contends that the factual findings upon which the determination of guilt is based are not supported by substantial evidence. We disagree. The relevant specifications of insubordination are based upon allegations of specific incidents of petitioner's verbal abuse of her supervisors, refusal to obey a direct order and/or defiance of authority. The relevant specifications of misconduct are based upon allegations of specific incidents of petitioner's unauthorized activity, altercations with other employees, unauthorized absences and abuse of leave time. No useful purpose would be served by our detailed discussion of each specification. The factual findings are supported by testimony and/or documentary evidence in the record.

Petitioner claims that all of the witnesses had motives to lie and fabricate their testimony, but we see no basis to disturb the resolution of issues of credibility implicit in respondents' determination (*see, Matter of Abraham v Board of Regents*, 216 AD2d 812, 813; *Matter of Robertson v Eccleston*, 183 AD2d 1045, 1046). Petitioner also claims that her actions were not intentional or willful, but the duty of weighing the evidence and making the choice between conflicting inferences which can be drawn from the evidence is for the administrative agency, not the court (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). That the factfinder may have relied on hearsay does not, as petitioner claims, require that the determination be annulled (*see, e.g., Matter of Giles v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.*, 199 AD2d 613, 614). Based upon our review of the record, we conclude that the factual findings are supported by proof in the record which satisfies the substantial evidence test (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180-181).

Petitioner asserted a retaliatory action defense in her answer, as authorized by Civil Service Law § 75-b (3) (a), and she contends that the record evidence demonstrates that the

disciplinary charges were filed against her in retaliation for her "whistleblower" activities. The defense applies only where the disciplinary proceeding is based solely on the employer's unlawful retaliatory action (see, Civil Service Law, § 75-b [3] [a]). Where, as here, the employer presents evidence of specific incidents of inappropriate conduct which are found to demonstrate a separate and independent basis for the action taken, a defense under Civil Service Law § 75-b cannot be sustained (see, Matter of Colao v Village of Ellenville, 223 AD2d 792, lv dismissed, lv denied 87 NY2d 1041). We find no merit in petitioner's claim that she was deprived of a fair hearing because the Hearing Officer initially refused to consider her retaliatory action defense. The Hearing Officer subsequently reversed himself, permitting petitioner to raise the defense and to cross-examine witnesses regarding her defense.

Considering the broad discretion afforded to an administrative agency in cases involving internal discipline (see, Matter of Di Vito v State of New York, Dept. of Labor, 48 NY2d 761, 763), there is no basis to disturb the penalty of dismissal imposed in this case, which we do not find so disproportionate to the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). We have considered petitioner's remaining arguments, including those based upon claims that the Hearing Officer was impartial, and find them to be meritless.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.