■ In the Matter of DEBORAH STEWART, Petitioner, v BOARD OF EDUCATION OF SARATOGA SPRINGS CITY SCHOOL DISTRICT et al., Respondents. [656 NYS2d 541] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a

---

determination of respondent Board of Education of Saratoga Springs City School District which terminated petitioner from her employment.

On March 31, 1995, petitioner, a cashier employed by the Saratoga Springs City School District in Saratoga County, was served with a written statement of charges pursuant to Civil Service Law § 75 alleging numerous specifications of misconduct and incompetency. The specifications include allegations that petitioner failed to record numerous purchases of milk and juice by a kindergarten class, failed to record adult food purchases on numerous occasions and failed to account for preidentified bills.

Following a hearing on the charges, the Hearing Officer issued a report which found petitioner guilty of 21 of the 49 specifications. Accordingly, the Hearing Officer recommended termination of petitioner's employment, which was adopted by respondent Board of Education of the Saratoga Springs City School District. Petitioner thereafter commenced this CPLR article 78 proceeding to review the determination. We confirm.

Petitioner's primary contention is that the factual findings against her are not supported by substantial evidence. Substantial evidence requires only "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180; *accord, People ex rel. Vega v Smith*, 66 NY2d 130, 139). The testimony of petitioner's co-workers—who, at the instruction of their supervisor, recorded their observations of petitioner's cash transactions for a period of time—together with the testimony of petitioner's supervisor and the documentary evidence in the record, provide the necessary substantial evidence to support the Hearing Officer's findings of misconduct and incompetency (*see, e.g., Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 567).

We are also unpersuaded by petitioner's contention that the penalty imposed—termination—is disproportionate to the offenses committed or shocking to one's sense of fairness. Having violated her position as an employee entrusted with the School District's money, termination was in all respects proper (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 238-239).

We have reviewed the parties' remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.