■ In the Matter of ELVIRA BREY, Petitioner, v BOARD OF EDUCATION OF THE JEFFERSONVILLE-YOUNGSVILLE CENTRAL SCHOOL DISTRICT et al., Respondents. [664 NYS2d 496] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Board of Education of the Jeffersonville-Youngsville Central School District which found petitioner guilty of incompetence and insubordination and retroactively terminated her employment.

In February 1994, petitioner, the business manager of respondent Jeffersonville-Youngsville Central School District (hereinafter the School District), was served with a notice of hearing with statement of charges alleging eight specifications of incompetence and/or misconduct and five specifications of misconduct in the nature of insubordination and/or incompetence. More specifically, the charges alleged that petitioner had failed to (1) timely complete and file various forms with the State Education Department (hereinafter SED) for the 1992-1993 school year, (2) follow a supervisor's repeated directives to complete and file such forms, and (3) make a timely interest payment on a series of the School District's bonds. After a mandated hearing (*see,* Civil Service Law § 75), the Hearing Officer issued his report and recommendation wherein he found petitioner guilty of all charges and recommended her dismissal. Thereafter, by resolution of respondent Board of Education of the School District (hereinafter the Board), the Hearing Of-

ficer's findings of facts and penalty recommendation were adopted and petitioner was terminated from her position. Petitioner thereafter commenced this CPLR article 78 proceeding seeking review of the determination in Supreme Court and the proceeding was transferred to this Court.

Petitioner initially contends that the factual findings upon which the determination of guilt is based are not supported by substantial evidence. We disagree. The record reveals that the Board found petitioner guilty of five charges of incompetence due to her failure to file certain State aid forms with SED by their respective deadlines. The evidence adduced at the hearing indicated that petitioner's employment duties included preparing all State and Federal fiscal reports and forms. Uncontroverted evidence was also presented that, despite having knowledge of the filing deadlines for the State aid forms prior to their due dates, petitioner failed to timely submit the School District's SA-100/19, SA-129B and ST-3 reports for the 1992-1993 school year; this resulted in numerous correspondences from SED and the State Comptroller confirming that the School District's State aid had been frozen pending receipt of the overdue forms. Further, Albert Larson, the School District's Superintendent, testified that he had given petitioner copies of these letters and directed her to complete and forward the forms; in addition, he also made suggestions regarding persons who could offer assistance and even offered to allow petitioner to work different hours when there would be fewer interruptions.

The Board also found petitioner guilty of two charges of incompetence by virtue of her failure to timely file reports necessary to obtain Federal and State grants in contradiction to directives by Larson to do so. The evidence adduced at the hearing revealed that SED had notified Larson that the grant forms were overdue and that failure to submit them within 30 days would result in a stop payment on all grants; thereafter, Larson directed petitioner, on more than one occasion, to complete such forms, which petitioner failed to do causing the School District to hire a temporary employee to do so.

Finally, the Board found petitioner culpable of one specification of incompetent job performance based on her admitted failure to make an interest payment in the amount of $145,000 on the School District's serial bonds until almost two full months after the due date. Supporting this determination was Larson's testimony and documentary evidence that the Depository Trust Company had demanded $667.38 as additional interest compensation because petitioner's payment had been 54

days late. With regard to the charge of insubordination, the Board determined that petitioner was guilty of four charges of such misconduct based on her failure to comply with Larson's repeated written directives to complete the SA-100/19 form and to file such form with SED.

Upon review of the entire record, we conclude that there is no basis to disturb the Hearing Officer's resolution of issues of credibility inherent in his determination (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Crossman-Battisti v Traficanti,* 235 AD2d 566, 567; *Matter of Abraham v Board of Regents,* 216 AD2d 812, 813; *Matter of Robertson v Eccleston,* 183 AD2d 1045, 1046). Furthermore, in our view, the Board's determination, which was based upon the testimony of the School District's witnesses, petitioner's admissions and documentary evidence, is amply supported by proof in the record which satisfies the substantial evidence test (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181) and, therefore, should not be disturbed (*see, Matter of Stewart v Board of Educ.,* 238 AD2d 838, 839).

We further conclude that petitioner did not sufficiently establish her defense of retaliatory discharge. A defense under Civil Service Law § 75-b cannot be sustained when a public employer has a separate and independent basis for the action taken (*see, Matter of Crossman-Battisti v Traficanti, supra,* at 568; *Matter of Colao v Village of Ellenville,* 223 AD2d 792, 793-794, *lv dismissed, lv denied* 87 NY2d 1041; *Roens v New York City Tr. Auth.,* 202 AD2d 274, 275; *see also,* Civil Service Law § 75-b [3] [a]). Here, it was sufficiently established that petitioner was guilty of a number of incidents of incompetence and misconduct in the form of insubordination; moreover, the record as a whole does not support petitioner's allegations of retaliatory discharge.

Finally, we reject petitioner's contention that the penalty of dismissal is "grossly disproportionate to the facts of this case" because she had not intentionally failed to timely file the reports and make the interest payment. Upon consideration of the broad discretion afforded an administrative agency in cases involving internal discipline (*see, Matter of Crossman-Battisti v Traficanti, supra,* at 568; *see also, Matter of Di Vito v State of New York, Dept. of Labor,* 48 NY2d 761, 763), we find no basis to disturb the penalty imposed. In our view, the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Stewart v Board of Educ., supra,* at 839).

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.