■ In the Matter of PHILIP COOMBS, Appellant, v VILLAGE OF CANASERAGA et al., Respondents. [668 NYS2d 862] —Judgment unanimously affirmed without costs. Memorandum: The determination finding petitioner guilty of violating the written personnel policies of respondent Village of Canaseraga (Village) is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). The Hearing Officer found that petitioner failed to report to the Mayor that he would be absent from work; exercised his supervisory power to refuse to allow an employee to work without first apprising the Mayor of the employee's alleged impairment; used, on two occasions, profane, disrespectful and vulgar language toward the Mayor and a member of the Village Board of Trustees, including verbally threatening a trustee; engaged in insubordination by refusing to attend a meeting with the Mayor to discuss a disciplinary matter involv-

ing another employee, by responding in a profane manner to initiatives of the Mayor to discuss his conduct in refusing to attend the meeting and in conversing disrespectfully with the Mayor; and refused to surrender his keys to Village property upon his suspension. It was undisputed that petitioner failed to report his absence from work. The testimony of eyewitnesses regarding the conduct giving rise to the remaining charges was conflicting, and we perceive no basis to disturb the Hearing Officer's assessment of the demeanor and credibility of those witnesses (*see, Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 567).

The Hearing Officer's determination that disciplinary action was not taken against petitioner in retaliation for his conduct in refusing to allow an employee to work also is supported by substantial evidence. Thus, the Hearing Officer properly concluded that the defense provided by Civil Service Law § 75-b (3) (a) did not apply because the "disciplinary proceeding [was not] based solely on the employer's unlawful retaliatory action" (*Matter of Crossman-Battisti v Traficanti, supra*, at 568; *see also*, Civil Service Law § 75-b [4]; *Matter of Colao v Village of Ellenville*, 223 AD2d 792, 793, *lv dismissed in part and denied in part* 87 NY2d 1041).

The contention of petitioner that he was constructively discharged (*see, Fischer v KPMG Peat Marwick*, 195 AD2d 222, 225-226) was not raised in the petition and is not properly before us (*see, Matter of Miller v McMahon*, 240 AD2d 806; *Matter of Salahuddin v Coughlin*, 222 AD2d 950, 951, *lv denied* 88 NY2d 806, *cert denied* 519 US 937). (Appeal from Judgment of Supreme Court, Allegany County, Feeman, Jr., J.— CPLR art 78.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.