■ In the Matter of LEN GRADEL, Petitioner, v PETER LIL-HOLT, as Commissioner of the Sullivan County Department of Public Works, et al., Respondents. [684 NYS2d 339] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondents which terminated petitioner's employment.

Following a disciplinary hearing pursuant to Civil Service Law § 75, petitioner, a sanitation worker for the Sullivan County Public Works Department, was found guilty of specifications of misconduct relating to excessive absenteeism and poor job performance and one specification of insubordination for failing to obey a directive from his supervisor. Although the Hearing Officer recommended a penalty of four days' suspension without pay and one year of probation, respondents terminated petitioner from his employment. Petitioner commenced this CPLR article 78 proceeding challenging his dismissal, contending that the findings of guilt were not supported by substantial evidence and that the penalty imposed was excessive. We disagree and accordingly confirm.

Petitioner's primary contention that the charges of misconduct and insubordination are not supported by substantial evidence is without merit. The specifications of misconduct included excessive absenteeism, failure to follow instructions regarding waxing the floor, failure to provide timely notice of time off and failure to exercise diligent care in moving equipment causing a chemical leakage and discoloration to the floor. A review of the testimony presented at the hearing together with the numerous detailed memoranda advising petitioner of his poor job performance and pattern of unacceptable behavior provide substantial evidence to support the specifications of misconduct and insubordination (see, Matter of Stewart v Board of Educ., 238 AD2d 838). With respect to the charge of excessive absenteeism, the fact that petitioner was authorized to take the days off does not preclude a finding of guilt, especially where, as here, petitioner was repeatedly informed by memoranda that his pattern of absences was disruptive and burdensome to his employer and co-workers (see, Matter of Romano v Town Bd., 200 AD2d 934, appeal dismissed 83 NY2d 963). Furthermore, notwithstanding petitioner's proffered excuse for

his behavior resulting in the charge of insubordination, substantial evidence nevertheless supports the finding that his conduct was not justified under the circumstances (*see, Matter of Stewart v Board of Educ., supra*).

We also are unpersuaded by petitioner's contention that the penalty of termination, which exceeded that recommended by the Hearing Officer, was disproportionate to the offenses committed as to shock one's sense of fairness. Given petitioner's misconduct and insubordination demonstrating a pattern of poor work performance and disruptive behavior burdening both the employer and co-workers, we find no reason to disturb respondents' determination to discontinue petitioner's employment (*see, Matter of Elwood v Constantine*, 213 AD2d 870, 872; *Matter of Romano v Town Bd., supra*).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.