■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL #1000, AFSCME, AFL-CIO, BY LOCAL #854, et al., Petitioners, v TIOGA COUNTY et al., Respondents. [733 NYS2d 757] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tioga County) to review a determination of respondent Tioga County Mental Hygiene Department which terminated petitioner's employment.

Petitioner Susan Vaziri-Cohen (hereinafter petitioner), was employed as a mental health nurse by respondent Tioga County Mental Hygiene Department (hereinafter respondent) for approximately five years. Petitioner's duties included conducting evaluations of clients and intensive outpatient treatment and

other group programs. On February 9, 2000, respondent brought charges of misconduct and incompetence against petitioner pursuant to Civil Service Law § 75. The charges were based upon petitioner's alleged falsification of agency records, repeated failure to follow work orders, and damaging remarks to a co-worker about her supervisor.

After a hearing at which, among others, petitioner and her supervisor testified, the Hearing Officer made findings of fact and concluded that respondent had met its burden of proving all aspects of the charges. The Hearing Officer recommended dismissal from service, finding that petitioner's conduct had "hindered the mission of the agency and hurt its credibility" and she remained unwilling to concede that her behavior was unacceptable. Respondent's Director of Community Services reviewed the hearing record and agreed with the Hearing Officer's findings of guilt and with the dismissal recommendation and terminated petitioner's employment. Petitioner and her union then commenced this CPLR article 78 proceeding to review the determination, which was transferred to this Court by order of Supreme Court (see, CPLR 7804 [g]).

Petitioners' primary contention is that respondent's decision is not supported by substantial evidence. Upon review of the testimony and evidence adduced at the hearing, we cannot agree. Specification one of the first charge of falsifying agency records alleged that petitioner substituted a client's progress notes—containing data which substantiated a diagnosis—with progress notes which omitted the substantiating data. Petitioner's supervisor testified that several days after a staff meeting at which it was determined that no abuse diagnosis could be made regarding the subject client, he reviewed petitioner's signed progress notes for this client and observed a specific quote from the Diagnostic and Statistical Manual of Mental Disorders which he concluded supported an abuse diagnosis; he advised petitioner to inform the client, and left the chart with petitioner. The following day, petitioner expressed discomfort with the diagnosis at a staff meeting and when the supervisor reviewed the progress notes in the client's chart the next day, the quoted language no longer appeared and there was no indication of a correction and no section was crossed out; he concluded that petitioner had inserted a new page, which she had signed. While petitioner denied substituting any pages in the client's progress notes, the Hearing Officer's and respondent's factual findings that petitioner intentionally falsified agency documents—which turned on issues of credibility and inferences drawn from the evidence presented, to which

we accord deference—are supported by substantial direct and circumstantial evidence (*see, Matter of Di Maria v Ross*, 52 NY2d 771, 772; *Matter of Hassane*, 241 AD2d 730; *Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 567).

Likewise, substantial evidence supports the credibility determination underlying the second specification of the first charge, that petitioner altered a use "frequency" statement on the drug and alcohol history sheet that she had prepared for this client, thereby interfering with the substantiation of the diagnosis. Petitioner admitted that she made the alteration, consisting of changing the "frequency" of cannabis use reported by the client, but testified that she did so during the interview immediately after the client stated that she was referring to total hits smoked and not per week. While other notations made by petitioner on this sheet and other evidence might support petitioner's testimony that the client had described her use in terms of the number of "hits," the sheet contains a separate specific category in which to record the patient's reported "quantity" of use where petitioner recorded a "few hits," substantially undermining petitioner's explanation that the altered notation under "frequency" referred to *quantity* of use. At the very least, with regard to the first charge, the evidence demonstrated that petitioner failed to follow agency or any reasonable procedure in altering official client records, and it was within the province of the Hearing Officer to implicitly reject the credibility of her exculpatory explanation.

With regard to the second charge involving petitioner's failure to follow work orders, her supervisor testified that despite several successive directives by him over the course of one week to include in her drafts of the alcohol and drug services evaluation of this client certain specified information obtained from the referring agency, she failed to add the information as directed. According to the supervisor, petitioner opposed including this information from the referring agency because it was not consistent with information provided to petitioner by the client and she disagreed with the diagnosis. Petitioner testified that she had made the changes directed by her supervisor, raising an issue of credibility implicitly resolved by the Hearing Officer against her which we see no basis to disturb as it is supported by a reading of petitioner's remarks on the successive drafts and by her supervisor's testimony. As the Hearing Officer noted, petitioner neither adequately followed the instructions of her supervisor to include this information and attribute it to the referring agency nor did she take available appropriate measures to challenge it, and there is substantial

evidence that she willfully and intentionally refused to comply with her supervisor's directive.

Further, the unrefuted testimony, including petitioner's admission, established that, just prior to an investigative interview with respondent's Director, petitioner made a denigrating and explicit comment to a co-worker about her supervisor questioning whether the co-worker ever heard the supervisor say certain things about petitioner and telling that co-worker that a former co-worker had told her on several occasions that the supervisor had made such statements. Petitioner never claimed that the supervisor had made these comments directly to her and the supervisor denied ever making them, raising credibility questions as to whether petitioner reasonably believed that she was somehow justified in making this inquiry and repeating the statements. Substantial evidence supports the Hearing Officer's conclusion on the third charge that, under the circumstances, petitioner's comments were "irresponsible and denigrating" and refutes any claim that they were made in good faith (*see, Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 567, *supra*).

Finally, in view of the nature of the misconduct and insubordination involved in these charges, we see no basis upon which to disturb the penalty of dismissal, which we do not find was so disproportionate as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233-235; *Matter of Crossman-Battisti v Traficanti, supra*, at 566). While petitioner had a positive five-year work record, her misconduct and her failure to follow appropriate practices when a diagnostic disagreement arose undermined respondent's important responsibility of treating employees engaged in potentially hazardous occupations for substance abuse.

Petitioner's remaining contentions, which include challenging the impartiality and qualifications of the Hearing Officer and alleged denial of a fair hearing, are either unpreserved, waived (*see*, CPLR 5501 [a] [3]; *Matter of Thompson v Coombe*, 240 AD2d 977, 978) or without support in the record (*see, Matter of Gioe v Board of Educ.*, 126 AD2d 723, 724; *Matter of Pollman v Fahey*, 106 AD2d 771, 772-773; *see also*, Civil Service Law § 75 [2]; *People ex rel. Packwood v Riley*, 232 NY 283, 286).

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.