■ In the Matter of JOYCE A. BRANAM, Petitioner, v GERALD R. SIMONS, as Chief Executive and Chair of the County of Co-

lumbia, et al., Respondents. [750 NYS2d 905] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent Gerald R. Simons which terminated petitioner's employment as a 911 dispatcher for the County of Columbia.

On March 9, 2000 petitioner, a dispatcher for Columbia County 911 Services, received a call concerning an elderly woman who had fallen and injured her head at the Open Gate trailer park in the Town of Stockport, Columbia County. Petitioner did not hear the first three digits of the telephone number that the caller had given and incorrectly supplied the digits "392" based upon her mistaken impression that the call emanated from the Golden Acres trailer park. Accordingly, the Columbia County rescue squad was incorrectly dispatched to the Golden Acres trailer park in the Town of Chatham, Columbia County, which was approximately 10 miles distant from the Open Gate trailer park.

As a consequence, petitioner received a notice of discipline containing three charges of misconduct/incompetence arising out of the March 9, 2000 incident—namely, incorrectly dispatching the rescue squad, failing to confirm the address at the Open Gate trailer park and failing to properly dispatch an EMS call to the Open Gate trailer park. The notice further provided for a hearing at which petitioner's entire personnel file would be reviewed. Following that hearing, the Hearing Officer found petitioner guilty of all three charges and, based upon failed efforts to counsel and retrain petitioner after previous incidents of incompetence, recommended that she be dismissed from employment. Following her dismissal, petitioner brought this CPLR article 78 proceeding, which was transferred to this Court.

Insofar as petitioner argues that she is not guilty of "misconduct" because her behavior was not "willful and intentional," we observe that a finding of incompetence, with which petitioner also was charged, only requires evidence of some dereliction or neglect of duty (*see Matter of Weatherlow v Board of Educ. of Jamestown City School Dist.*, 236 AD2d 855, 856). Based upon our review of the record as a whole, we conclude that the finding of incompetence is amply supported by substantial evidence. To the extent that petitioner contends that it was error to terminate her for a single incident of incompetence, we need note only that the recommendation for termination was made based upon the charges contained in the notice of discipline and in the context of petitioner's overall

personnel file, which more than justified petitioner's termination from employment.

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.