■ In the Matter of JUDY PHILLIPS, Petitioner, v JAY LE PAGE, as Commissioner of Social Services of Clinton County, et al., Respondents. [772 NYS2d 422]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Social Services of Clinton County which terminated petitioner's employment as a social welfare examiner for respondent Clinton County Department of Social Services.

Petitioner, employed as a social welfare examiner with respondent Clinton County Department of Social Services, was served with one charge of misconduct and incompetence and one charge of insubordination. Each charge was comprised of numerous specifications. Following a hearing conducted pursuant to Civil Service Law § 75, she was found guilty of most of the misconduct and incompetence specifications under the first charge and two of the insubordination specifications under the second charge. The Hearing Officer recommended termination as a penalty. Respondent Commissioner of Social Services of Clinton County accepted the Hearing Officer's findings and recommendations and terminated petitioner's employment. This CPLR article 78 proceeding, which has been transferred to this Court (*see* CPLR 7804 [g]), ensued.

At the hearing, petitioner's immediate supervisor testified in detail regarding the numerous deficiencies in petitioner's work, as well as her failure to respond to training and repeated efforts at improvement. This witness also testified that petitioner was unable to meet deadlines and issue benefits correctly and in

compliance with known regulations and/or advisory reports and/or counseling memoranda. These delays and/or derelictions often resulted in financial hardship to recipients. It was further established that petitioner was advised through counseling memoranda of the various deficiencies in her performance and the need to address and remedy same, to no avail. The testimony of petitioner's supervisor, coupled with documentary evidence in the record, provides the requisite substantial evidence to support the findings of misconduct and incompetence (*see Matter of Gradel v Lilholt*, 257 AD2d 972 [1999]; *Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist.*, 245 AD2d 613 [1997]; *Matter of Stewart v Board of Educ. of Saratoga Springs City School Dist.*, 238 AD2d 838 [1997]).* Insofar as petitioner claims that she is not guilty of the specifications under charge one because she did not engage in any willful or intentional disobedience, we once again "observe that a finding of incompetence . . . only requires evidence of some dereliction or neglect of duty" (*Matter of Branam v Simons*, 300 AD2d 973, 974 [2002]; *accord Matter of Weatherlow v Board of Educ. of Jamestown City School Dist.*, 236 AD2d 855, 856 [1997]). Such evidence exists here.

Finally, given the evidence that petitioner was simply unable to perform her job despite training and receipt of counseling memoranda, and the fact that her incompetence often had a harsh financial impact on the very families she had been hired to assist, the penalty of termination is not so disproportionate as to be shocking to one's sense of fairness (*see Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist.*, supra at 615; *Matter of Rowley v Board of Educ. of Gloversville Enlarged City School Dist.*, 192 AD2d 814, 816 [1993]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although petitioner was found guilty of two specifications of insubordination under charge two, we note that she does not specifically challenge such findings in her brief or specify the manner in which the Hearing Officer's decision in this regard was deficient. Failure to do so is deemed an abandonment of the issue (*see Matter of Spry v Delaware County*, 253 AD2d 178, 181 [1999]). In any event, substantial evidence supports the findings of insubordination.