In the Matter of BESSIE GIBSON, Petitioner, v BOARD OF EDUCATION FOR THE CITY SCHOOL DISTRICT OF ALBANY et al., Respondents. [945 NYS2d 814]—

Spain, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Education for the City School District of Albany which terminated petitioner's employment.

Petitioner, employed since 1993 with the City School District of Albany—most recently as an account clerk—was charged with two specifications of incompetence: unsatisfactory work performance and excessive absenteeism, during the 2009-2010 school year. Following a hearing pursuant to Civil Service Law § 75, petitioner was found guilty of both specifications. The

Hearing Officer, in a detailed written report, recommended dismissal as a penalty. Respondent Board of Education for the City School District of Albany accepted the Hearing Officer's findings and recommendation and terminated petitioner's employment. Petitioner commenced this CPLR article 78 proceeding challenging her dismissal, contending that the evidence did not support the Board's finding that her conduct and deficiencies rose to the level of incompetence, and that dismissal is an inappropriate and excessive penalty.

The determination of the Board must be upheld where, as here, it is supported by substantial evidence (*see Matter of Wilson v Town of Minerva Town Bd.*, 65 AD3d 788, 789 [2009]; *see also Matter of Mapp v Burnham*, 8 NY3d 999, 1000 [2007]). Significantly, "a finding of incompetence . . . only requires evidence of some dereliction or neglect of duty" (*Matter of Branam v Simons*, 300 AD2d 973, 974 [2002]; *accord Matter of Phillips v Le Page*, 4 AD3d 704, 705 [2004]). The testimony of petitioner's direct supervisors, coworkers and two district-level assistant supervisors, and the documentary evidence—including petitioner's employee evaluations in March 2009 and May 2010 and attendance records—provided overwhelming evidence to substantiate each of the specifications of misconduct.

The testimony at the hearing established that after six years as an account clerk in the purchasing department, during which she was warned about her inadequate job performance and excessive absenteeism, and in order to provide her with a new work environment, petitioner was transferred in July 2008 to the food services department, where she was assigned a variety of tasks appropriate to her account clerk title. The evidence established recurring problems with petitioner's work performance from the outset, which continued until these charges were filed in 2010, including failing to take accurate or complete telephone messages, thereby making responding to said calls difficult, incorrect filing of paperwork, advising parents to submit inaccurate income information on their applications for the free/reduced lunch program or misadvising parents regarding eligibility for same, failing to maintain accurate inventories, neglecting to timely pay vendors and failing to maintain accurate and timely attendance records required in order for the District to obtain reimbursement for the after school snack program. She was observed neglecting her duty to answer telephones, including hanging up on callers or feigning being engaged in a call, and allowing paperwork to languish on her desk. Despite being advised of her mistakes and repeatedly retrained by different individuals on numerous—mostly repeti-

tive—tasks, the errors, deficiencies and failure to complete tasks in a timely or accurate manner—or at all—persisted; this often necessitated that her tasks be permanently reassigned, corrected or completed by others. Likewise, petitioner was assigned certain limited duties relating to payroll for her department, but regularly made errors which, although explained to her, she failed to correct in the next payroll period; her submissions were often late (more than half the time) and she refused additional training when it was offered.

Attendance records demonstrate petitioner's three-year history of habitual and excessive absenteeism, for which she was warned in 2007, and that she had exhausted her sick time and taken unapproved days off without pay in the 2009-2010 school year. The testimony of her supervisor established that her chronic absences became predictable, in that she usually called in sick the day following any day in which there was perceived turmoil at the office or when she was questioned about her work.

The Hearing Officer credited the testimony of respondents' witnesses, all of whom had significant employment history with the District, and no motive for them to testify untruthfully was suggested. Given the abundant testimony and evidence of petitioner's ongoing inability to perform her job duties despite retraining, and of her excessive absenteeism, all of which negatively affected her department's operations and burdened her coworkers and supervisors, as well as other departments, we find that substantial evidence supports the finding of incompetence (*see Matter of Phillips v Le Page*, 4 AD3d at 705).

Further, on the record before us, we do not find the penalty of termination shocking to the judicial conscience (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]; *see also Matter of Ellis v Mahon*, 11 NY3d 754, 755 [2008]). Petitioner's incompetence was ongoing and multi-faceted, with negative evaluations dating back to 2003; she failed to improve despite repeated retraining. She was given numerous warnings over a period of many years and failed to assume responsibility for her shortcomings. In view of the foregoing, the Board's implicit conclusion that further attempts to rehabilitate and retrain petitioner would be futile is neither unfair, shocking nor an abuse of discretion.

Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.