Lilley v Greene Cent. Sch. Dist. (2019 NY Slip Op 00019)





Lilley v Greene Cent. Sch. Dist.


2019 NY Slip Op 00019


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

527253

[*1]JORDON LILLEY, Appellant,
v
GREENE CENTRAL SCHOOL DISTRICT et al., Respondents.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Hogan & Sarzynski, Lynch, Dewind & Gregory, LLP, Johnson City (John P. Lynch of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered June 5, 2018 in Chenango County, which, among other things, granted defendants' motion to dismiss the amended complaint.
Plaintiff was the head bus driver for defendant Greene Central School District (hereinafter the school district) and was also responsible for buildings and grounds maintenance. In 2016, plaintiff reported to defendant Gordon Daniels, the interim superintendent of the school district, that another bus driver under plaintiff's supervision had allegedly engaged in misconduct of texting while driving and punching in time cards of other employees who had not yet arrived at work, including the bus driver's daughter. Plaintiff alleges that he was told by Daniels that, despite a recommendation from the school district's counsel to terminate the bus driver, no action would be taken against her. Subsequently, plaintiff reported the misconduct to the State Police and appeared before the school district's Board of Education to report the same. According to plaintiff, the day after appearing before the Board, he was placed on administrative leave. Plaintiff was provided a notice, pursuant to Civil Service Law § 75, which set forth that he was guilty of incompetence and/or misconduct. This notice detailed five separate charges, including that plaintiff breached General Municipal Law § 800 by selling the school district field lime and rock salt from Lilley Farms, which is owned by plaintiff and his wife, and that such sale constituted a conflict of interest.
In September 2017, plaintiff commenced this action under Civil Service Law § 75-b seeking, among other things, damages and reinstatement. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Plaintiff cross-moved to disqualify defendants' counsel, John Lynch, and Lynch's law firm from further representing defendants, alleging that Lynch is a potential witness in this action. Supreme Court, among other things, granted defendants' motion, finding that documentary evidence submitted in support of the motion, which [*2]included price quotes and purchase orders/requisitions regarding the sale of field lime and rock salt from Lilley Farms to the school district, warranted dismissal of the complaint. The court also denied plaintiff's cross motion. Plaintiff now appeals.
"Civil Service Law § 75—b prohibits a public employer from taking disciplinary action to retaliate against an employee for reporting improper governmental action" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91 [2010] [internal quotation marks and citation omitted]; see Civil Service Law § 75—b [2] [a]). Although a claim pursuant to "Civil Service Law § 75—b cannot be sustained when a public employer has a separate and independent basis for the action taken" (Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist., 245 AD2d 613, 615 [1997] [emphasis added]; see Civil Service Law § 75—b [3] [a]; Matter of Crossman-Battisti v Traficanti, 235 AD2d 566, 567-568 [1997]), "[a] disciplinary action may be retaliatory even where an employee is guilty of the alleged infraction" (Matter of Kowalski [New York State Dept of Correctional Servs.], 16 NY3d at 91). Further, a motion to dismiss pursuant to CPLR 3211 (a) (1) "is properly granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Meyer v Zucker, 160 AD3d 1243, 1245 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 905 [2018]; accord Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1207 [2014]).
We find that Supreme Court erred procedurally and substantively in dismissing plaintiff's complaint based upon documentary evidence purportedly demonstrating that plaintiff violated General Municipal Law § 800, therefore vitiating plaintiff's retaliation claim. Initially, General Municipal Law § 800 merely provides the definition of "interest"; having an "interest," however, is not per se prohibited and, for the interest to morph into an illegal conflict of interest, General Municipal Law § 801 requires that an employee must not only have an interest, but also must have the "power or duty to . . . negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder." Here, the documentary evidence submitted by defendants at most established that plaintiff had an "interest" in contracts for the sale of rock salt and field lime from Lilley Farms to the school district (see General Municipal Law § 800 [3]). This evidence, however, failed to "conclusively establish[]" that plaintiff possessed any of the authority enumerated in General Municipal Law § 801 (Meyer v Zucker, 160 AD3d at 1245), thereby creating a conflict of interest. In fact, the court's decision is devoid of any reference to the factors enumerated in General Municipal Law § 801. Accordingly, Supreme Court improperly granted defendants' motion to dismiss pursuant to CPLR 3211 (a) (1).
Supreme Court also erred in the substantive application of Civil Service Law § 75-b relative to defendants' contention that an independent basis existed for placing plaintiff on administrative leave. To assert a whistleblower claim under Civil Service Law § 75-b, plaintiff must allege, "(1) an adverse personnel action; (2) disclosure of information to a governmental body (a) regarding a violation of a law, rule, or regulation that endangers public health or safety, or (b) which [the plaintiff] reasonably believes to be true and which [he or] she reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action" (Jones v Town of Whitehall, US Dist Ct, ND NY, No. 1:13-CV-0806, *8, Kahn, J., 2015; accord Maher v Town of Stony Point, US Dist Ct, SD NY, No. 16-CV-607, *10, Karas, J., 2018; see Civil Service Law § 75-b [2] [a]). The element of causation requires "that 'but for' the protected activity, the adverse personnel action by the public employer would not have occurred" (Jones v Town of Whitehall, US Dist Ct, ND NY, No. 1:13-CV-0806 at *9, citing Civil Service Law § 75-b [3] [a]). Here, the court found that the purported General Municipal Law violation sufficed as a separate and independent basis for the adverse action and dismissed plaintiff's claim. However, even assuming that the General Municipal Law violation is ultimately demonstrated, the trial court must make "a separate determination regarding the employer's motivation" to ensure against pretextual dismissals and "shield employees from being retaliated against by an employer's selective application of theoretically neutral rules" (Matter of Kowaleski, 16 NY3d at 92; see Jones v Town of Whitehall, US Dist Ct, ND NY, No. 1:13-CV-0806 at *8; Maher v Town of Stony Point, US Dist Ct, SD NY, No. 16-CV-607 at *10).
We do find, however, that Supreme Court properly denied plaintiff's cross motion seeking to disqualify Lynch and his law firm as defendants' counsel. "When considering a motion to disqualify counsel, the court must consider the totality of the circumstances and carefully balance the right of a party to be represented by counsel of his or her choosing against the other party's right to be free from possible prejudice due to the questioned representation" (Parnes v Parnes, 80 AD3d 948, 952 [2011] [citations omitted]; see Matter of Schachenmayr v Town of N. Elba Bd. of Assessors, 221 AD2d 884, 885-886 [1995]). In his affidavit, plaintiff states that Lynch is a "critical witness" because he "was likely the attorney who recommended [that the bus driver] be terminated" and he "followed [Daniels'] directions with respect" to the disciplinary charges against plaintiff. Inasmuch as plaintiff argues that the crime-fraud exception applies to the attorney-client privilege between Lynch and defendants, there is no factual basis for finding that Lynch's alleged recommendation and his involvement in the disciplinary charges against plaintiff are committed in furtherance of a fraud or crime (see Art Capital Group LLC v Rose, 54 AD3d 276, 277 [2008]), and Lynch's testimony will relate solely to the nature of his legal services rendered in the case and the disciplinary action (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a] [2]). Accordingly, plaintiff failed to demonstrate that he is entitled to disqualification of Lynch and his law firm from representing defendants (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; see generally Melcher v Apollo Med. Fund Mgt. L.L.C., 52 AD3d 244, 245 [2008]; Levy v 42 Dune Rd., LLC, 162 AD3d 651, 653 [2018]; compare Falk v Gallo, 73 AD3d 685, 686 [2010]).
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the amended complaint; motion denied and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.