■ In the Matter of CHARLES HERNANDEZ, Appellant, v COUNTY OF SULLIVAN, Respondent. — Appeal from so much of a judgment of the Supreme Court at Special Term (Pitt, J.), entered August 25, 1981 in Sullivan County, which denied in part petitioner's application, in a proceeding pursuant to CPLR article 78, for reimbursement of back pay and benefits. On August 26, 1980, petitioner, a civil service employee of the respondent County of Sullivan, was suspended pursuant to section 75 of the Civil Service Law pending determination of charges that he had taken an unauthorized leave of absence. Following a hearing held on October 1, 1980, petitioner received, on October 16, 1980, the hearing officer's report finding him guilty of the charges and imposing a penalty of demotion from senior laundry worker to laundry worker, with an appropriate reduction in wages. In a letter accompanying the report, petitioner's superior advised him that if he was interested in re-employment as a laundry worker, he was to contact his superior by October 31, 1980. Petitioner elected not to resume employment with the county. When his claim of entitlement to back pay and benefits at the rate of senior laundry worker from August 26, 1980, the beginning of his suspension, through October 16, 1980, and thereafter at a laundry worker's rate through October 31, 1980, was rejected, he timely instituted this CPLR article 78 proceeding challenging only the punishment imposed. Special Term correctly determined that petitioner was not entitled to back pay for the 30 days following his suspension on August 26, 1980, and properly limited relief to the period from September 25 through October 16, 1980. We find unpersuasive petitioner's contention that he is entitled to back pay for the 30-day period of suspension because in imposing the penalty the hearing officer failed to expressly state that this period of suspension without pay, which had already been served, was part of the total penalty assessed. Nothing in the statute or the reported case law, brought to our attention by petitioner, supports this argument. Moreover, subdivision 3 of section 75 of the Civil Service Law explicitly provides that an employee suspended without pay may recoup his lost earnings only if he is acquitted of the charges; a finding of guilty precludes recovery, and here petitioner was found guilty. As petitioner failed to return to work, the county was not obliged to pay him for any period after October 16. That the County Attorney mistakenly represented otherwise is of no moment, for he admittedly lacked authority to do so. Judgment affirmed, with costs. Sweeney, J. P., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ FIRST-CITY NATIONAL BANK OF BINGHAMTON, Respondent, v JAMES M. DOBBINS et al., Appellants. — Motion to dismiss appeal granted, without costs (see *Weber v Cassius*, 46 AD2d 976). Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.

(March 12, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARIO HERRERA, Petitioner, v EUGENE S. LEFEVRE, Respondent. — Application pursuant to CPLR 7002 (subd [b], par 2), for writ of habeas corpus, denied upon the ground that there is no basis to depart from traditional orderly procedure by resort to habeas corpus during pendency of a direct appeal from the judgment of conviction (*People ex rel. Keitt v McMann,* 18 NY2d 257). Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.