■ In the Matter of GLADYS FIGUEROA, Petitioner, v NEW YORK THRUWAY AUTHORITY, Respondent. [674 NYS2d 159] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, *inter alia*, review two determinations of respondent which suspended petitioner from employment without pay for a period of 60 days.

In September 1995, petitioner, who was at that time employed by respondent as an Affirmative Action Administrator, was charged with 38 specifications of misconduct and suspended from her position for 30 days without pay pursuant to Civil Service Law § 75 (3). A hearing had been commenced, but not concluded, with respect to these charges when, on November 17, 1995, petitioner (who had returned to work after the 30 days elapsed) was again charged with misconduct (four specifications) on the basis of events that had occurred that day; she was once again suspended for 30 days without pay. Then, in February 1996, before a decision had been rendered on the first set of charges or a hearing commenced on the second, a third set of charges was preferred against petitioner.

In April 1996, further charges were lodged against her. Each set of charges resulted in an additional 30-day suspension.

In May 1996, the Hearing Officer who presided over the first hearing issued a comprehensive decision, finding petitioner guilty of nine specifications of misconduct and partially guilty of one specification. With respect to an additional five specifications, the Hearing Officer concluded that petitioner was guilty, while at the same time recognizing that extenuating circumstances existed. Petitioner was absolved of the remaining 23 specifications. Respondent accepted these findings and conclusions, as well as the Hearing Officer's recommendation as to the penalty to be imposed, and suspended petitioner for 60 additional days without pay, from May 24, 1996 through July 23, 1996.

At the end of that period, the Hearing Officer assigned to the second proceeding found petitioner partially guilty of one of the four specifications and recommended that she be reprimanded. Respondent accepted this recommendation as well. Before hearings had been commenced on the third or fourth sets of charges, petitioner tendered her resignation, effective August 20, 1996. This CPLR article 78 proceeding initiated by petitioner, challenging respondent's determinations of guilt, the penalties imposed and the legality of the four 30-day suspensions, and seeking, *inter alia*, back pay and benefits, or in the alternative new hearings, followed. The matter was transferred to this Court pursuant to CPLR 7804 (g).

The record provides substantial support for each of the findings of guilt (*see, Matter of Secreto v County of Ulster*, 228 AD2d 932, 933), despite the fact that the Hearing Officers took a largely benign view of petitioner's testimony, affording her the benefit of the doubt whenever the specific conduct being assessed could be construed in diverse ways. The pattern of harassment and discrimination, which petitioner claimed her supervisors engaged in and which ostensibly provided a possible explanation for some of her errors and explosive responses, was also considered.

In the vast majority of the instances in which petitioner was adjudged guilty of misconduct, that finding was based upon her own admissions (for example, that she had deliberately read confidential material, despite having been told not to do so; that she had left the building when directed to wait outside a superior's office; that she had called her supervisor a "liar"; that she had not timely returned the excess portion of funds advanced for travel; and that she had not telephoned contractors in an attempt to obtain overdue forms) or undisputed

documentary evidence (e.g., her written agreement to return the unused travel funds immediately; attendance records; and correspondence regarding a missing video tape and the establishment of field visit schedules). Moreover, each of the findings of insubordination was premised upon proof that petitioner engaged in conduct (ranging from explicit refusal to obey orders to verbal abuse of supervisors in front of other workers) unmistakably displaying defiance of authority (*see, Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 567).

Nor are we persuaded that respondent acted improperly in suspending petitioner for 30 days without pay on each of the four separate occasions when she was charged with misconduct. This is not an instance where an employer has deliberately severed charges for the sole purpose of imposing multiple suspensions. Rather, the second, third and fourth sets of charges were each based upon events that occurred after petitioner had returned to work from the previous suspension. In these circumstances, the plain language of Civil Service Law § 75 (3), which permits a 30-day suspension without pay, pending a hearing, whenever disciplinary charges are leveled against an employee, controls.

Petitioner is, however, entitled to a hearing on the third and fourth sets of charges so that she might, by proving her innocence, establish her right to back pay for the periods during which she was suspended pending determination of those charges (*see*, Civil Service Law § 75 [3]; *cf.*, *Matter of Hernandez v County of Sullivan*, 87 AD2d 702). Her resignation neither terminated the proceedings with respect to these pending charges nor—as respondent contends—"obviated adjudication" of them (*see, Matter of Brooklyn Audit Co. v Department of Taxation & Fin.*, 275 NY 284, 285-286). Moreover, it is ordinarily respondent's responsibility to schedule these hearings (*see, Gerber v New York City Hous. Auth.*, 42 NY2d 162, 166). And, there being no evidence that petitioner's resignation, or any other action on her part, precluded respondent from doing so, petitioner cannot be said to have waived or abandoned her claim for back wages (*see, Gerber v New York City Hous. Auth., supra*, at 166; *Matter of Conde v Aiello*, 204 AD2d 1029, 1030; *Matter of Fusco v Griffin*, 67 AD2d 827). Accordingly, hearings should be held so that these charges can be resolved and petitioner may, if so inclined, pursue an action for back pay (*see, Kowalski v Department of Corrections*, 66 AD2d 814, 815).

Petitioner's remaining arguments, including her challenge to the propriety of the penalties, have been considered and been found wanting.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determinations dated May 23, 1996 and August 20, 1996 are confirmed, without costs, and petition partially granted to the extent that respondent is directed to conduct hearings with respect to the statements of charges dated February 7, 1996 and April 23, 1996.