■ In the Matter of JON FOSTER, Appellant, v SARATOGA SPRINGS CITY SCHOOL DISTRICT et al., Respondents. [790 NYS2d 748]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered December 12, 2003 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents which terminated petitioner's employment.

Following separate hearings on two separate sets of charges against petitioner, a mechanic employed by respondent Saratoga Springs City School District, a Hearing Officer found him guilty of all five specifications outlined in the first set and one of the two specifications outlined in the second set of charges. The Hearing Officer recommended a two-month suspension with respect to the first set of charges and a written reprimand with respect to the second. Although accepting all of the Hearing Officer's factual findings with respect to the first set of charges and some of his findings, as well as the penalty, with respect to the second, respondent Saratoga Springs School District Board of Education rejected the recommended penalty of suspension and instead ordered termination. Petitioner thereafter commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court. He now appeals.

We affirm. Based upon our review of the record, and contrary to petitioner's contentions, the Hearing Officer's factual findings are supported by proof which satisfies the substantial evidence test (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Each specification of misconduct in the nature of incompetence and insubordination is supported by testimony and/or documentary evidence establishing that petitioner (1) refused to follow a work order even after reasonable steps were taken by his supervisors to accommodate concerns about the task, (2) disrupted office operations when he appeared unannounced at the District office in a tirade over the pending work order and got in a heated debate with a supervisor outside of his chain of command (the District's Director of Facilities and Operations), (3) complained to yet another supervisor outside his chain of command (the District's Superintendent) about the pending work order despite prior instructions to the contrary and (4) failed to timely return a table saw to the District despite a directive to all maintenance mechanics that all borrowed tools be returned. Each specifica-

tion of misconduct in the nature of lying and dishonesty is supported by testimony and/or documentary evidence that petitioner threatened "to get" the Director of Facilities and Operations by falsely claiming that he had tape-recorded their altercation at the District office and that petitioner intentionally eavesdropped on a meeting of his supervisors concerning his conduct by secreting himself in an unoccupied, unlit adjoining room. To the extent that each of these findings was based on the Hearing Officer's resolution of credibility issues, we have no basis to disturb such resolutions (*see Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist.*, 245 AD2d 613, 615 [1997]).

Next, there is no support in the record for petitioner's claim that the second set of charges was brought for the sole purpose of imposing multiple suspensions (*see Matter of Figueroa v New York Thruway Auth.*, 251 AD2d 773, 773 [1998]). The record reveals that petitioner's direct supervisor did not become aware of petitioner's improper retention of the table saw until the evening of December 10, 2002. By this time, the first set of charges had already been prepared by the Board of Education and were mailed to petitioner the following day.*

Finally, petitioner did not sufficiently establish his defense of retaliatory discharge (*see Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist.*, supra at 615; *Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566 [1997]) and we are unpersuaded that the penalty of termination was grossly disproportionate to the facts (*see e.g. Matter of Bottari v Saratoga Springs City School Dist.*, 3 AD3d 832, 833 [2004]; *see also Matter of Pell v Board of Educ.*, 34 NY2d 222, 223 [1974]), particularly given his untrustworthy act of deliberately eavesdropping on his supervisors (*see Matter of Winters v Board of Educ. of Lakeland Cent. School Dist.*, 99 NY2d 549, 550 [2002]).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Although not determinative, we further note that petitioner was out on sick leave as of November 15, 2002 due to "stress and sinus problems" such that any suspension without pay under the second set of charges may have had no practical effect.