## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 21, 2016         520816
_____

In the Matter of WALTER
   NICHOLSON,
                 Appellant,

      v                              MEMORANDUM AND ORDER

APPEALS BOARD OF ADMINISTRATIVE
   ADJUDICATION BUREAU et al.,
                 Respondents.
_____

Calendar Date:  November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

_____

     Kevin P. Sheerin, Mineola, for appellant.

     Eric T. Schneiderman, Attorney General, Albany (Jeffrey W. Lang of counsel), for respondents.

_____

Lahtinen, J.P.

     Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered June 4, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Department of Motor Vehicles denying petitioner's application for a driver's license.

     Between 1987 and 2007, petitioner had five alcohol-related driving convictions — two for driving while intoxicated and three for driving while ability impaired — as well as over a dozen other traffic violations.  As a result, his driver's license was revoked in 2008.  In 2013, he applied for relicensing.  The

Driver Improvement Bureau of respondent Department of Motor Vehicles denied petitioner's application, and that decision was upheld by respondent Appeals Board of Administrative Adjudication Bureau. This CPLR article 78 proceeding ensued. Supreme Court dismissed the petition and petitioner now appeals.

The regulations of respondent Commissioner of Motor Vehicles, which are not challenged here (cf. Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d 112 [2015]), set forth a policy of denying relicensing where the applicant has five or more alcohol-related driving convictions (see 15 NYCRR 136.5 [b] [1]). There is an exception in that "the Commissioner shall not be foreclosed from consideration of unusual, extenuating and compelling circumstances that may be presented for review and which may form a valid basis to deviate from the general policy" (15 NYCRR 136.5 [d]). "[O]ur review is limited to whether [the] determination was arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion" (Matter of Scism v Fiala, 122 AD3d 1197, 1197, n 1 [2014]; see CPLR 7803 [3]; Matter of Naranjo v Commissioner of Dept. of Motor Vehs., State of N.Y., 116 AD3d 859, 861 [2014]).

Although the initial denial informed petitioner that he could request an exception based on unusual, extenuating or compelling circumstances by submitting such information to the Driver Improvement Bureau, he instead opted for an appeal to the Appeals Board. Petitioner submitted with his appeal a brief statement in which he indicated that he has undergone successful treatment for his alcohol problem and he continues to receive support through Alcoholics Anonymous. He further related that he is the single parent of a 12 year old. In this proceeding, he added that he is also the caregiver for an elderly parent. We note a lack of documentation or detail regarding his purported rehabilitation or other current circumstances. In any event, despite some ostensibly sympathetic facts, we cannot conclude that the denial of his application was arbitrary, irrational or an abuse of discretion in light of his dangerous driving history.

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court