## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 15, 2016                     522397
_____

In the Matter of MARIANNE
   MERKEL,
                      Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
   MOTOR VEHICLES et al.,
                      Respondents.
_____

Calendar Date:  October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

Paula Schwartz Frome, Garden City, for appellant.

Eric T. Schneiderman, Attorney General, Albany (Jeffrey W. Lang of counsel), for respondents.

_____

Lynch, J.

Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 27, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's application for a driver's license.

In 2012, petitioner's driver's license was revoked after she was convicted of her fifth alcohol-related driving offense. In 2014, petitioner's application for a new license was denied by the Driver Improvement Bureau (hereinafter Bureau) of respondent Department of Motor Vehicles pursuant to 15 NYCRR 136.5 (b) (1). The Bureau also denied petitioner's request for a hardship exception under 15 NYCRR 136.5 (d), and that determination was

affirmed by respondent Department of Motor Vehicles Appeals Board (hereinafter the Board).  Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination as arbitrary and capricious for failing to duly take into account her history and extenuating circumstances.  Supreme Court dismissed the petition and this appeal ensued.

Initially, petitioner did not preserve a challenge to the regulation at issue, 15 NYCRR 136.5 (see Matter of Nicholson v Appeals Bd. of Admin. Adjudication Bur., 135 AD3d 1224, 1225 [2016]).  Under this regulation, a lifetime license revocation applies to a person with five or more alcohol-related driving convictions or incidents during his or her lifetime (see 15 NYCRR 136.5 [a] [1]; [b] [1]).  Pertinent here, the Commissioner of Motor Vehicles retains the discretion to grant a new license to any person affected by the regulation who demonstrates "unusual, extenuating and compelling circumstances . . . [that] may form a valid basis to deviate from the general policy" (15 NYCRR 136.5 [d]; see Matter of Nicholson v Appeals Bd. of Admin. Adjudication Bur., 135 AD3d at 1225).  In her hardship affidavit, petitioner acknowledged that she was convicted of alcohol-related offenses in 1986, 1989 and 1992, and two in 2012.  She explained that after the 1992 conviction, she participated in alcohol rehabilitation, married in 1998 and had a child, obtained a certificate of relief from disabilities in 2000 and was licensed as a registered nurse in 2001, working in that capacity until 2012.  Petitioner maintained a 20-year period of sobriety, but, due to a series of significant stressful events in her personal life in which she separated from her husband and was the victim of two violent crimes, she relapsed and was arrested for driving while intoxicated in May 2012 and again in June 2012.  At this point, she increased alcohol and psychological treatment, completing a Bridge Back to Life program in 2013, while continuing counseling at the Central Nassau Guidance Center.  She was granted another certificate of relief from disabilities in 2013.  Pursuant to a consent order in October 2013, petitioner was authorized to continue to practice as a registered nurse by the Department of Education, subject to quarterly monitoring.  She seeks a driver's license for purposes of securing employment and to attend to the needs of her family, documenting the history recited above (cf. Matter of Nicholson v Appeals Bd. of Admin.

Adjudication Bur., 135 AD3d at 1225).

The difficulty in reviewing this petition is that the record does not include the Bureau's March 25, 2014 letter determination. All we have in this record is the Board's explanation that the Bureau "determined that the denial of [petitioner's] application for a driver's license could not be withdrawn" (emphasis added) — a conclusion the Board determined "had a rational basis." The flaw here is that the underscored phrase runs counter to the discretionary standard set forth in 15 NYCRR 136.5 (d). On this record, it would appear that the Bureau misconstrued its authority under the regulation and failed to exercise any discretion in reviewing the application. This error is not cured by the Board's characterization of the Bureau's decision as "rational." As such, the petition is granted to the extent of annulling respondents' determination and remitting the matter to respondents for further review of petitioner's application.

McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondents for further proceedings not inconsistent with this Court's determination.

ENTER:

Robert D. Mayberger
Clerk of the Court