Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehicles (2019 NY Slip Op 03719)





Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehicles


2019 NY Slip Op 03719


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

526927

[*1]In the Matter of JOSEPH P. CURRY, Appellant,
v
COMMISSIONER OF NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Eric Nelson, New York City, for appellant.
Letitia James, Attorney General, Albany (Robyn Ryan of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the Supreme Court (Hard, J.), entered May 1, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Motor Vehicles denying petitioner's application for a driver's license.
In 2012, petitioner's driver's license was revoked after he was convicted of his fifth alcohol-related driving offense. In 2017, petitioner's application for a new license was denied by the Driver Improvement Bureau (hereinafter the Bureau) of respondent Department of Motor Vehicles. The Bureau further denied petitioner's request for a hardship exception, and that determination was affirmed by the Department's Administrative Appeals Board (hereinafter the Board). Petitioner commenced this CPLR article 78 proceeding challenging this determination as arbitrary and capricious. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. "As a general matter, once an offender's license has been revoked — permanently or otherwise — reissuance of a new license is subject to the discretion of [respondent Commissioner of Motor Vehicles]" (Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 213 [2017], citing Vehicle and Traffic Law §§ 510 [6] [a]; 1193 [2] [c]). The governing regulations establish a policy of denying relicensing when, as here, an applicant has five or more alcohol-related convictions (see 15 NYCRR 136.5 [b] [1]; Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d at 215-216). That said, the Commissioner may approve a relicensing application based on a showing of "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [b] [1]). The thrust of petitioner's argument is that the Board's denial of his hardship application was arbitrary and capricious given his rehabilitation efforts and medical limitations necessitating a license to attend medical appointments. "[O]ur review is limited to whether [the] determination was arbitrary and capricious, irrational, affected by any error of law or an abuse of discretion" (Matter of Scism v Fiala, 122 AD3d 1197, 1197 n [2014]; [*2]see Matter of Nicholson v Appeals Bd. of Admin. Adjudication Bur., 135 AD3d 1224, 1225 [2016]).
Beyond the five alcohol-related convictions spanning from 1989 to 2012, the record shows a history where petitioner relapsed several times after completing alcohol rehabilitation programs and multiple traffic infractions. In particular, petitioner complains that the Board failed to consider a "DWI Evaluation" completed by a licensed clinical social worker in March 2017, ostensibly reporting that petitioner had been sober for four years and recommending that he be granted a provisional license. The problem with that argument is that only the cover page of the evaluation was included in the administrative record, and not the entire report. Notably, the Bureau's comments acknowledged that the evaluation indicated petitioner's sobriety over the prior four years, but contrasted that status with his history of reoffending despite prior treatment. The record also shows that petitioner is receiving medical treatment for heart and lung conditions, but not the frequency of such treatment. Although losing a license results in significant inconvenience, given petitioner's history, we cannot say that the denial of his hardship application was in any way arbitrary and capricious.
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.