Matter of Nortz v New York State Dept. of Motor Vehs. Appeals Bd. (2020 NY Slip Op 04629)





Matter of Nortz v New York State Dept. of Motor Vehs. Appeals Bd.


2020 NY Slip Op 04629


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


80 CA 19-01467

[*1]IN THE MATTER OF AMANDA NORTZ, PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, RESPONDENT-APPELLANT. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-APPELLANT.
LEONARD CRIMINAL DEFENSE GROUP, ROME (JOHN G. LEONARD OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), dated January 31, 2019 in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner's driver's license was revoked in 2016 as a result of alcohol-related driving convictions. In 2018, she applied for a new license. The application was denied on the ground that petitioner had three alcohol-related driving convictions within the statutory 25-year look-back period, and thus she was subject to an additional five-year waiting period following the revocation period imposed pursuant to the Vehicle and Traffic Law and presumptively ineligible for a new license until 2022 (see 15 NYCRR 136.5 [b] [3]). Petitioner thereafter requested reconsideration of her application, seeking a hardship exception from her presumptive ineligibility date due to "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [d]). That request was also denied. On administrative appeal, respondent affirmed the denial of petitioner's application. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court granted the petition, concluding that the determination denying the application was arbitrary and capricious. Respondent appeals, and we reverse.
"[J]udicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis" (Matter of Green Thumb Lawn Care, Inc. v Iwanowicz, 107 AD3d 1402, 1403 [4th Dept 2013], lv denied 22 NY3d 866 [2014]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]), and thus such a determination is entitled to great deference (see Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d 1058, 1059 [4th Dept 2005], lv denied 5 NY3d 713 [2005]). A determination is arbitrary and capricious when it is made " without sound basis in reason or regard to the facts' " (Matter of Thompson v Jefferson County Sheriff John P. Burns, 118 AD3d 1276, 1277 [4th Dept 2014], quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). A court must "sustain the determination even if the court concludes that it would have reached a different result," so long as the determination is "supported by a rational basis" (Peckham, 12 NY3d at 431).
Here, petitioner alleged that she had established unusual, extenuating and compelling circumstances because both she and her child were disabled and needed to travel to various medical providers, she could not access public transportation and she had complied with her alcohol treatment program. Even assuming, arguendo, that petitioner established the existence of [*2]such circumstances, we agree with respondent that the denial of her application was not arbitrary, irrational or an abuse of discretion in light of petitioner's history of recidivism and her risk to others (see Matter of Nicholson v Appeals Bd. of Admin. Adjudication Bur., 135 AD3d 1224, 1225 [3d Dept 2017]; cf. Matter of Gurnsey v Sampson, 151 AD3d 1928, 1930 [4th Dept 2017], lv denied 30 NY3d 906 [2017]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court