Matter of Wales v City of Saratoga Springs (2021 NY Slip Op 06900)





Matter of Wales v City of Saratoga Springs


2021 NY Slip Op 06900


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532309
[*1]In the Matter of Timothy Wales, Petitioner,
v
City of Saratoga Springs et al., Respondents.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

O'Connell & Aronowitz, PC, Albany (Kevin Laurilliard of counsel), for petitioner.
FitzGerald Morris Baker & Firth, PC, Glens Falls (Michael Crowe of counsel), for respondents.



Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent City of Saratoga Springs terminating petitioner's employment.
Petitioner began his employment as an engineer with respondent City of Saratoga Springs (hereinafter the City) in 2011. In March and April 2019, petitioner received notices of discipline that collectively listed and described 21 charges of misconduct being brought against him. The charges alleged, among other things, that, on several instances, petitioner acted in an unprofessional, discourteous and unnecessarily confrontational and aggressive manner in both verbal and written communications with other employees in violation of the City's Workplace Violence Protection Program, utilized City property and work time to conduct private business, attempted to obtain a benefit in exchange for an official action, and failed to follow proper procedure. The notices informed petitioner that the City was seeking his termination. Following a hearing pursuant to Civil Service Law § 75, which took place over the course of three days, the Hearing Officer issued a report recommending petitioner's termination from employment. The City adopted said recommendation, and, by way of a letter dated October 31, 2019, informed petitioner of his immediate termination. In February 2020, petitioner commenced this CPLR article 78 proceeding to annul the City's determination and to reinstate his employment. Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
Initially, petitioner contends that he was denied due process because the Hearing Officer was biased, based on the Hearing Officer's former employment relationship with the City. Petitioner's argument is unpreserved as he failed to raise an objection at the hearing following the Hearing Officer's disclosure at the beginning of the hearing of his former employment relationship (see Matter of Brennan v New York State & Local Empls. Retirement Sys., 50 AD3d 1374, 1377 [2008]; Matter of Lyde v Senkowski, 262 AD2d 908, 909 [1999]).
Petitioner next asserts that the City's determination must be annulled as his termination exceeds the punishment provided for in a 2017 settlement agreement that he had executed with the City. This agreement, which was a resolution of earlier charges of misconduct lodged against petitioner based on his alleged violation of the City's Workplace Violence Protection Program, .provided that, "if another incident of this nature is filed, investigated, and found to be justified, within the next six
. . . months, it will be deemed a violation of [the] agreement and will result in a suspension without pay of [10] days." Thus, according to petitioner, failing an explanation, the City is limited to suspending him for 10 days as a result of his current infractions. We disagree. The plain language of the agreement limits its term to six months. [*2]Likewise, it is clear that the language relates solely to a breach of the agreement and does not constrain the City's imposition of other or further penalties for future workplace violations (see generally Gaines Mar. & Servs., Inc. v CMS Mar. Stor., LLC, 176 AD3d 1534, 1535 [2019]).
Where, as here, the challenged determination is made following an evidentiary hearing, this Court is limited in its consideration as to whether the determination is supported by substantial evidence (see CPLR 7803 [4]; Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 169 AD3d 1334, 1334-1335 [2019], appeal dismissed and lv denied 33 NY3d 1053 [2019]; Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1026 [2017]). This is a minimal standard that requires less than the preponderance of the evidence and demands only the existence of "a rational basis in the record as a whole to support the findings upon which the determination is based" (Matter of Morgan v Warren County, 191 AD3d 1129, 1131 [2021] [internal quotation marks and citations omitted]; see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 169 AD3d at 1335).
Upon our review, we find substantial evidence supports the Hearing Officer's determination. The Hearing Officer was presented with evidence from petitioner and respondents' witnesses as to how the incidents occurred, and we defer to the Hearing Officer's credibility determinations. The record contains ample evidence of petitioner's misconduct to sustain the charges and to support the City's determination to terminate his employment (see Matter of Snowden v Village of Monticello, 166 AD3d 1451, 1454 [2018]; Matter of Bruso v Clinton County, 139 AD3d 1169, 1172 [2016]; Matter of James v Hoosick Falls Cent. School Dist., 93 AD3d 1131, 1133 [2012]). Finally, to the extent it is argued, petitioner failed to establish any claim of retaliatory discharge (see Matter of Foster v Saratoga Springs City School Dist., 16 AD3d 824, 826 [2005]; Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist., 245 AD2d 613, 615 [1997]). Petitioner's remaining contentions have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and the petition dismissed.