Matter of Vera-Llivicura v State of New York (2022 NY Slip Op 07490)

Matter of Vera-Llivicura v State of New York

2022 NY Slip Op 07490

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

534371
[*1]In the Matter of Julio O. Vera-Llivicura, Petitioner,
v
State of New York et al., Respondents.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Warren S. Hecht, Forest Hills, for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Motor Vehicles revoking petitioner's driver's license.
In October 2019, petitioner was convicted of using a mobile phone while operating a motor vehicle, a five-point traffic infraction (see 15 NYCRR 131.3 [b] [4] [iii]). Such conviction constituted a "[h]igh-point driving violation" (15 NYCRR 132.1 [c]), triggering a lifetime record review of petitioner's driving history (see 15 NYCRR 132.2). Based on such review, respondent Department of Motor Vehicles (hereinafter DMV) classified petitioner as a "[d]angerous repeat alcohol or drug offender" due to his three previous alcohol-related convictions and a "[s]erious driving offense" during the 25 year look back period (15 NYCRR 132.1 [b] [2]; [d] [4]). As a result of this classification, DMV issued a notice of proposed license revocation and petitioner requested a hearing pursuant to 15 NYCRR 132.3. Following such hearing, the Administrative Law Judge (hereinafter ALJ) determined that petitioner failed to present any "unusual, extenuating and compelling circumstances" to justify a finding that the proposed revocation should not take effect. Thereafter, DMV issued an order of suspension indicating that petitioner's license would be permanently revoked. Petitioner filed an appeal with the Administrative Appeals Board, which ultimately affirmed the ALJ's determination. Petitioner then commenced this CPLR article 78 proceeding seeking to annul the determination, which was transferred to this Court pursuant to CPLR 7804 (g).
The sole purpose of the administrative hearing was to determine whether there were "unusual, extenuating and compelling circumstances to warrant a finding that the revocation proposed by the Commissioner should not take effect" (15 NYCRR 132.3). Petitioner challenges the ALJ's factual assessments and interpretation of his driving record in the determination. Notably, petitioner asserts that it has been 16 years since his last alcohol-related driving offense, and the conviction which prompted the look back under the regulations was for using a mobile phone while operating a motor vehicle — not an alcohol or drug offense. He contends that he has overcome his alcohol-use issues and submitted documentation to that effect, including that he has successfully fulfilled the requirements imposed on him and that it was determined that he no longer required any addiction treatment. Petitioner further contends that, since his last alcohol-related conviction, he has successfully applied for and renewed a CDL license, which is critical to his current employment. Petitioner maintains that losing his driver's license will have a profound impact on his family, as he would likely lose his employment and he would be unable to drive his elderly father to doctor appointments, pay rent with arrears and cover other expenses for [*2]his children's education.
When this Court reviews a determination following an evidentiary hearing, "[a]n administrative determination revoking a person's driver's license will be upheld so long as it is supported by substantial evidence" (Matter of Barr v New York State Dept. of Motor Vehs., 155 AD3d 1159, 1160 [3d Dept 2017], lv denied 31 NY3d 907 [2018]). This is particularly true where a petitioner challenges the factual assessments made by an ALJ (see Matter of Secreto v County of Ulster, 228 AD2d 932, 933 [3d Dept 1996]). Substantial evidence "is a minimal standard that requires less than the preponderance of the evidence and demands only the existence of a rational basis in the record as a whole to support the findings upon which the determination is based" (Matter of Wales v City of Saratoga Springs, 200 AD3d 1262, 1264 [3d Dept 2021] [internal quotations marks and citations omitted]).
Petitioner's driving record produced at the hearing revealed that he had accumulated 29 points, excluding the five-point triggering offense, during the look back period; this qualifies as a "[s]erious driving offense," which is defined as "20 or more points from any violations, other than the violation that forms the basis for the record review" (15 NYCRR 132.1 [d] [4]). The record also reveals that petitioner had been involved in five motor vehicle accidents, four of which were personal injury accidents, during the look back period. Despite petitioner proffering ostensibly sympathetic facts, the ALJ considered these facts in his determination of whether there were "unusual, extenuating and compelling circumstances," and we cannot conclude that such determination was not supported by substantial evidence (see Matter of Barr v New York State Dept. of Motor Vehs., 155 AD3d at 1160; cf. Matter of Nortz v New York State Dept. of Motor Vehs. Appeals Bd., 186 AD3d 977, 978 [4th Dept 2020], lv denied 36 NY3d 902 [2020]; Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehs., 172 AD3d 1588, 1590 [3d Dept 2019]; Matter of Nicholson v Appeals Bd. of Admin. Adjudication Bur., 135 AD3d 1224, 1225 [3d Dept 2016]).We have examined the parties' remaining contentions and have found them to be without merit or academic.
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.