Matter of Zajdel v Erie County Water Auth. (2025 NY Slip Op 03402)

Matter of Zajdel v Erie County Water Auth.

2025 NY Slip Op 03402

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., OGDEN, NOWAK, AND HANNAH, JJ.

86 TP 24-01338

[*1]IN THE MATTER OF SHARON ZAJDEL, PETITIONER,
v
ERIE COUNTY WATER AUTHORITY, JEROME D. SCHAD, MICHELLE IANNELLO AND PEGGY LAGREE, RESPONDENTS. 

SHARON ZAJDEL, PETITIONER PRO SE.
BARCLAY DAMON LLP, BUFFALO (JAMES P. DOMAGALSKI OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Paula L. Feroleto, J.], entered August 14, 2024) to review a determination of respondents. The determination terminated the employment of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a hearing pursuant to Civil Service Law § 75, finding her guilty of disciplinary charges and terminating her employment as a confidential legal secretary of respondent Erie County Water Authority (ECWA). She contends, inter alia, that the determination is not supported by substantial evidence and that the penalty of termination is disproportionately harsh in light of her years of service at ECWA during which she was not the subject of any discipline.
It is well established that, "[i]n CPLR article 78 proceedings to review determinations of administrative tribunals, the standard of review for the Appellate Divisions . . . is whether there was substantial evidence to support the Hearing Officer's decision" (Matter of Wilson v City of White Plains, 95 NY2d 783, 784-785 [2000]; see CPLR 7803 [4]; Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]). Contrary to petitioner's contention, we conclude that the determination here, which found her guilty of three charges, is supported by substantial evidence (see CPLR 7803 [4]; see generally Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]). Petitioner's admission during the hearing that she emailed the personnel records of her coworkers to her personal email address established that she violated the two ECWA policies at issue with respect to charges two and three. The admission also constitutes substantial evidence supporting the determination with respect to charge one, alleging that petitioner "was found to be using the [ECWA's] electronic records, email and [I]nternet services to transmit the confidential employee files of other [ECWA] employees to [petitioner's] own personal email address."
Next, we conclude that the penalty of termination is not shocking to one's sense of fairness. The evidence at the hearing established that petitioner compromised confidential personnel files of ECWA employees, which included, inter alia, Social Security numbers and health information. Under these circumstances, petitioner's termination "was not so disproportionate to the offenses as to be shocking to one's sense of fairness" (Matter of Gray v LaFountain, 38 NY3d 932, 933 [2022]; see Matter of Oliver v D'Amico, 151 AD3d 1614, 1617 [4th Dept 2017], lv denied 30 NY3d 913 [2018], rearg denied 31 NY3d 1066 [2018]).
Finally, petitioner contends that she was deprived of due process for several reasons. Initially, petitioner's contention that the Hearing Officer was not impartial is unpreserved for our review (see Matter of Wales v City of Saratoga Springs, 200 AD3d 1262, 1263 [3d Dept 2021]; Matter of Wilson v Fischer, 124 AD3d 1384, 1385 [4th Dept 2015]). Contrary to petitioner's further contention, we conclude that "[v]alid reasons" supported the decision to close the hearing (Matter of Birch v County of Madison, 123 AD3d 1324, 1327 [3d Dept 2014]). We have considered and rejected petitioner's remaining due process challenges.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court