Matter of Banfi v Schroeder (2025 NY Slip Op 04987)

Matter of Banfi v Schroeder

2025 NY Slip Op 04987

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-01194
 (Index No. 509652/23)

[*1]In the Matter of Szabolcs Banfi, petitioner,
v
Mark J. F. Schroeder, etc., et al., respondents.

Schaefer Law Group, P.C., Smithtown, NY (Wayne J. Schaefer of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Mark S. Grube and Joshua N. Cohen of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated November 29, 2022, affirming a determination of an administrative law judge dated June 15, 2022, which, after a hearing, found that no unusual, extenuating, and compelling circumstances existed to warrant a finding that the proposed revocation of the petitioner's driver license should not take effect.
ADJUDGED that the determination dated November 29, 2022, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In April 2022, the petitioner was convicted of using a mobile phone while operating a motor vehicle, which constituted a "[h]igh-point driving violation" (15 NYCRR 132.1[c]; see 15 NYCRR 131.3[b][4][ii]). Pursuant to 15 NYCRR 132.2, upon receipt of notice of the petitioner's conviction of a high-point driving violation, the New York State Department of Motor Vehicles (hereinafter the DMV) conducted a review of the petitioner's lifetime driving record. Following that review, the DMV classified the petitioner as a "[d]angerous repeat alcohol or drug offender" based upon his three alcohol-related driving convictions and accumulation of 42 points from driving violations during the 25-year look back period (id. § 132.1[b][2]; see 15 NYCRR 132.1[d][4]; [e]). Consequently, the DMV issued the petitioner a notice of proposed license revocation (see 15 NYCRR 132.2).
The petitioner requested a hearing pursuant to 15 NYCRR 132.3, at which he testified, among other things, that the revocation of his driver license would make it "very hard" to conduct his electrical contracting business. Following the hearing, an administrative law judge (hereinafter the ALJ) determined that the petitioner failed to establish that any unusual, extenuating, and compelling circumstances existed to warrant a finding that the proposed revocation of his driver license should not take effect. Thereafter, in a determination dated November 29, 2022, the DMV Administrative Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination of the Appeals Board. The proceeding was transferred to this Court pursuant to CPLR 7804(g).
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880, 880; see Matter of Lisa v New York State Dept. of Motor Vehs., 233 AD3d 870, 872). "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Lisa v New York State Dept. of Motor Vehs., 233 AD3d at 872 [internal quotation marks omitted]).
"The sole purpose of a hearing scheduled pursuant to [15 NYCRR 132.3] is to determine whether there exist unusual, extenuating and compelling circumstances to warrant a finding that the revocation proposed by the Commissioner should not take effect" (15 NYCRR 132.3; see Matter of Vera-Llivicura v State of New York, 211 AD3d 1447, 1448). "In making such a determination, the administrative law judge shall take into account a driver's entire driving record" (15 NYCRR 132.3). Here, contrary to the petitioner's contention, substantial evidence supported the ALJ's determination that no unusual, extenuating, and compelling circumstances existed to warrant a finding that the proposed revocation of the petitioner's driver license should not take effect (see id.; Matter of Vera-Llivicura v State of New York, 211 AD3d at 1449; see also Matter of Nortz v New York State Dept. of Motor Vehs. Appeals Bd., 186 AD3d 977, 978).
The petitioner's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court